**ASSOCIATION OF AMERICAN PHYSICIANS AND SURGEONS, INC., et al., Plaintiffs,**

v.

**Hillary Rodham CLINTON, et al., Defendants.**

**Civ.A. No. 93–0399 (RCL).**

United States District Court, District of Columbia.

Dec. 21, 1994.

Thomas R. Spencer, Spencer & Klein, Miami, FL, and Frank M. Northam, Webster Chamberlain & Bean, Washington, DC, for plaintiffs.

Robert S. Whitman, Nussbaum & Wald, and Thomas W. Millet IV, Dept. of Justice, Washington, DC, for defendants.

## MEMORANDUM AND ORDER

LAMBERTH, District Judge.

At long last, this case is, in fact, moot. Defendants' motion to dismiss is GRANTED, and this case is hereby DISMISSED WITH PREJUDICE.

After this court's Memorandum and Order of December 1, 1994, a hearing was held on December 2, 1994. Defendants there indicated that rather than continuing to withhold documents in the 13 boxes they had submitted for *in camera, ex parte* review, all of the documents would be made public. At a hearing on December 16, 1994, defendants confirmed (without objection by plaintiffs) that the documents are all now available for public inspection at the National Archives, along with the computer disks that had not previously been made public.

■ The only remaining question raised in this court's Memorandum and Order of December 1, 1994, was whether any further search for additional documents should be required. Upon further consideration, the court has determined that defendants have met their burden of establishing that no further search is required. All working group participants were advised, before the working group's termination, that any documents they created or reviewed were White House records, and that they should be provided to the White House. Extensive follow-up efforts produced yet more documents, but plaintiffs have not cited a single instance to the court where *any participant* still has any White House records that have not now been made public. Plaintiffs were given an oppor-

tunity to take discovery before the court ruled on defendants' motion to dismiss, and the court is now satisfied that defendants are legally entitled to dismissal based on the record before the court.

■ Both sides agree that dismissal of this case moots the question of possible civil contempt of court raised by plaintiffs against Ira Magaziner, Senior Advisor to the President for Policy Development. There is a remaining question, however: Did Mr. Magaziner commit the criminal offense of contempt of court—as well as possibly perjury and/or making a false statement—when he signed a sworn declaration filed on March 3, 1993, that led this court to initially dismiss the claim for records of the interdepartmental working group.

On March 3, 1993, Mr. Magaziner signed a declaration, under penalty of perjury, in which he stated that "[o]nly federal government employees serve as members of the interdepartmental working group." He stated that these employees were either full-time permanent federal employees—of which there were approximately 300—or "special government employees" serving for less than 130 days, with or without compensation—of which there were approximately 40. Mr. Magaziner did not, however, specify in the declaration how he defined "members" of the interdepartmental working group.

Further concerns are raised in the next portion of Mr. Magaziner's sworn declaration. Mr. Magaziner stated that the working group had "also retained a wide range of consultants who attend working group meetings on an intermittent basis, either with or without compensation." Mr. Magaziner also stated that "[t]hese consultants have not had any supervisory role or decision-making authority in connection with the consulting services they have provided to the working group, but instead provide information and opinion to the working group members." Mr. Magaziner further stated that he had "arranged for these consultants to be informed that in connection with their services to the working group, they too are subject to a limited version of the conflict of interest provisions set forth in 18 U.S.C. §§ 201–208; the Standards of Ethical Conduct for Em-

ployees of the Executive Branch; and all related ethics laws and regulations."

We now know, from the records produced in this litigation, that numerous individuals who were never federal employees did much more than just attend working group meetings on an intermittent basis, and we now know that some of these individuals even had supervisory or decision-making roles. The extent to which these individuals were subjected to conflict-of-interest scrutiny is also questionable.

The question for criminal contempt purposes, however, is what Mr. Magaziner knew at the time he signed his sworn declaration on March 3, 1993. He must be proven to have been intentionally untruthful at the time he signed the document before he can be found guilty of a criminal offense. The defendants, and/or their counsel, may have engaged in sanctionable conduct later when they did not promptly correct the court filing, but the court must decide criminal contempt based on Mr. Magaziner's knowledge on March 3, 1993.

At the oral argument on July 25, 1994, on the cross-motions for summary judgment and on plaintiffs' motion to require Mr. Magaziner to show cause why he should not be held in contempt of court, the court denied summary judgment and reserved ruling on the contempt question. The court noted at that time that "serious" and "troubling" issues were raised by plaintiffs but that further development of the facts was needed before the court could determine the contempt question. Now that this case is moot, however, there will be no trial, and there will be no further development of the facts in this action about what Mr. Magaziner knew and when he knew it. Accordingly, the court has determined that the question must be referred to the United States Attorney for the District of Columbia, for further development of the facts in order to determine whether a criminal offense has been committed.[1]

The record herein does not reflect whether Mr. Magaziner is a "covered person" within the statute authorizing appointment of an Independent Counsel, 28 U.S.C. § 591, *et seq.*, but in any event the initial inquiry whether to seek appointment of an Independent Counsel would be the responsibility of the Attorney General.

Plaintiffs allege that an examination of the Secret Service records of entries into the Old Executive Office Building—entries of people who were cleared in by Mr. Magaziner or his immediate staff—demonstrates that many of these individuals (who were not federal employees and who were active working group participants) were entering the White House complex well before Mr. Magaziner signed his March 3 declaration. Moreover, plaintiffs allege that members of Mr. Magaziner's own private consulting firm and its successor company were participants in the working groups whom he certainly should have known about, and that those individuals never became either full-time government employees or special government employees. Plaintiffs allege that numerous representatives of special interests were active participants in the working group process, and that Mr. Magaziner concealed this information in his March 3 declaration. The interdepartmental working group reported to Mr. Magaziner, not to the President or the First Lady. Mr. Magaziner wrote the Work Plan, and the number of participants grew from a list of 215 in early February to a list of 340 by the time of Mr. Magaziner's sworn declaration on March 3. Although the defendants now make much of the "fluidity" of this process, none of that "fluidity" is included in Mr. Magaziner's March 3 declaration. The defendants' later position, that "membership" on the interdepartmental working group is impossible to determine, simply demonstrates how misleading, at best, Mr. Magaziner's March 3 declaration actually was.

The court agrees with defendants that criminal contempt is a grave matter. The court also agrees that it must be based, here,

---

1. Mr. Magaziner has been represented herein, as a named federal government defendant in this civil action, by the Assistant Attorney General for the Civil Division of the Department of Justice and his staff. Neither the United States Attorney, nor his staff, has participated in this litigation, insofar as the court is aware, although the name of the United States Attorney has been typed on various pleadings because of his statutory position.

on evidence of deliberate and willful misrepresentations. Defendants urge the court to find that Mr. Magaziner had no such intent. The court cannot do so at this time; the record is simply insufficient as to what Mr. Magaziner knew and when he knew it.

Accordingly, because this action is now moot and a further record cannot be developed herein, this matter is referred to the United States Attorney for appropriate consideration. The Clerk of Court shall send a copy of this Memorandum and Order to the United States Attorney for the District of Columbia and to the Attorney General of the United States.

A status conference shall be held on January 9, 1995, at 9:30 a.m. to schedule consideration of plaintiffs' collateral requests for other sanctions and attorneys' fees and costs.

**SO ORDERED.**